# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JANET BATCHELOR,  )
                  )  C.A. No. K17C-11-001 NEP
    Plaintiff,    )  In and for Kent County
                  )
    v.            )
                  )
ALEXIS PROPERTIES LLC, et al.,  )
                  )
    Defendants.   )

## ORDER

Before this Court is Janet Batchelor's ("Plaintiff") Motion to Recuse this Commissioner and Judge Primos from presiding over any further matters in this lawsuit. Plaintiff, who is self-represented contends that we have "deliberately violated [her] personal liberties and have wantonly refused to provide due process and equal protection to [her] and have behaved in a manner inconsistent with that which is needed for full, fair, impartial hearings."[1] The Plaintiff contends that I failed to provide reasonable accommodation for her hearing impairment and violated various and sundry provisions of the American with Disabilities Act ("ADA") on several occasions. She also claims that the nature of the Court's interaction with her demonstrate the Court's personal bias and prejudice towards her and require the removal of myself from this case. Defendants John Welcome (hereinafter "Welcome"), Alexis Properties (hereinafter "Alexis"), Liveinde.com, Inc. d/b/a Welcome Home Realty (hereinafter "Liveinde.com"), and BB Properties of Delaware, LLC (hereinafter "BB Properties" and collectively with Welcome, Alexis and

---

[1] *Batchelor v. Alexis Properties LLC, et al.*, Del. Super., C.A. No. K17C-11-001 NEP, DI 177, p. 1.

Liveinde.com, "Defendants") have filed a response against Plaintiff under Superior Court Civil Rule 11, alleging, *inter alia*, that Plaintiff has filed a meritless motion and is in contempt of the Court.

This Order will address Plaintiff's claims involving myself, which include the allegations stemming from the March 14, 2019 oral arguments on several discovery motions. This Order will not address Plaintiff's assertions that do not involve any specific judicial office but instead deal with (1) Plaintiff's interactions with the Court regarding provision of services relating to her hearing impairment, (2) Plaintiff's request that this matter be transferred to a judge of this Court sitting in New Castle county, Delaware, due to her belief that she "cannot receive fair hearing or trial in Superior Court Kent County, Delaware," and (3) Defendants' request for sanctions. The Court refers the parties to Judge Primos's separate order filed on this date as to Plaintiff's claims not involving myself specifically. Since the Plaintiff's claim of prejudice or bias on the part of this Commissioner is wholly unfounded and unsupported, the Motion to Recuse is hereby **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 2016, Plaintiff signed a rental agreement leasing certain property owned by Defendant BB Properties for the term of June 1, 2016, to May 31, 2017. Allegedly, Defendants later committed breaches of the rental agreement that caused Plaintiff damages and forced her to vacate the property. Thereafter, Defendants threatened legal action and then filed a summary possession complaint and a debt action. Plaintiff subsequently filed suit, alleging breach of contract, breach of the covenant of good faith, and malicious prosecution.

2

covenant of good faith, and malicious prosecution.

On February 23, 2018, this Court denied a motion to dismiss filed by Defendants Welcome and Alexis. On August 30, 2018, Plaintiff was granted leave to file an amended complaint, which was subsequently filed on September 11, 2018. Defendants filed a motion to dismiss on October 11, 2018, which was granted in part and denied in part on November 13, 2018.

On March 14, 2019, a hearing was held before me regarding various discovery related motions as well as a motion filed by Plaintiff requesting leave to file a second amended complaint. In connection with my rulings issued at the close of the hearing, I granted a limited extension of the discovery period.[2]

### III. PLAINTIFF'S ALLEGATIONS

In her motion, Plaintiff takes exception to the Court's handling of her hearing disability and comments she alleges I made during the March 14, 2019 hearing which she claims "clearly" indicate bias against her on the basis of her disability. She offers no evidence of bias on my part against her in any way.

Plaintiff's allegations against me can be summarized as follows:[3]

> 1. The Court failed to provide Plaintiff with sufficient accommodation for her hearing disability at several court proceedings because the wireless head set the Court

---

[2] Pursuant to the scheduling order dated July 11, 2018, the discovery period ended on March 6, 2019. (Docket Item #92). Following the March 14, 2019, hearing, I extended discovery until May 15, 2019, but only "as to those matters currently before the Court." (Docket Item #165).

[3] Plaintiff makes several [other] allegations concerning the Court as a whole and concerning Judge Primos. Judge Primos will address those allegations.

*Batchelor v. Alexis Properties LLC, et al.*
C.A. No. K17C-11-001 NEP
May 8, 2019

routinely used malfunctioned at points during the proceedings.

2. That Court was already in session when she arrived a half hour early for the hearings on March 14, 2019.

3. That I made statements during the March 14, 2019 hearing that "clearly" indicated bias on my part.

4. That I denied her the opportunity to be heard on March 14, 2019.

### III. DISCUSSION

Every litigant is entitled to a fair and impartial forum before the trier of fact, who is to make a decision based on the evidence put before it. To protect that right, federal and state statutes and the common law provide that a judge may disqualify himself or be disqualified.[4] However, it is just as important to "safeguard the judiciary from frivolous attacks upon its dignity and integrity."[5] In fact, a judge has as much obligation not to recuse himself when there is no reason as he does to recuse himself when there is reason.[6] In balancing these concerns, many federal and state courts have outlined the requirements a petitioner must meet in order to establish sufficient ground for recusal.

---

[4] See, e.g., 28 U.S.C. § 455; *Los v. Los*, 595 A.2d 381 (Del. 1991).

[5] *United States v. Valenti*, 120 F.Supp. 80, 83 (D.C.N.J.1954).

[6] *United States v. Bray*, 546 F.2d 851 (10th Cir.1976).

4

A judge is presumed to be impartial.[7] In order to justify the trier of fact disqualifying him or herself from deciding the case on the basis of bias or prejudice, the following must be shown. First, the bias or prejudice must be against a party, not to any views relating to the subject matter involved.[8] Secondly, the bias must be a personal one, not judicial. A mere allegation of "judicial bias" is not a sufficient ground for recusal.[9] Any bias developed during the trial is judicial bias, and is not personal bias.[10] To be sufficient for a judge to be disqualified from a case, that bias must also "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[11] Additionally, the alleged bias of a judge must be of such a degree as to interfere with the assurance that the litigants are afforded a fair and impartial trial.[12]

Judicial impartiality "is a fundamental principle of the administration of justice."[13] To that end, well-settled Delaware law requires a judicial officer to recuse

---

[7] *United States v. Hall*, 424 F.Supp. 508, aff'd 536 F.2d 313, *cert. denied* 429 U.S. 919, 97 S.Ct. 313, 50 L.Ed.2d 285 (1976).

[8] *See* generally, 54 A.L.R. 5th 575.

[9] *Id.*

[10] *Hall*, 424 F.Supp. at 534.

[11] *United States v. Grinnell Corp.*, 384 U.S. 563, D.C.Ct.App., 393 A2d 132 (1978).

[12] *Bumpus v. Uniroyal Tire Co. Div. of Uniroyal, Inc.*, 385 F.Supp. 711 (E.D.Pa.1974).

[13] *Los v. Los, 595 A.2d 381, 383, (Del 1991).*

herself if "there is a reasonable basis to question her impartiality."[14] The Delaware Judges' Code of Judicial Conduct sets forth a non-exhaustive list of situations where a judge "should" disqualify himself or herself, including where "[t]he judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." [15] The Delaware Supreme Court has held that alleged personal bias or prejudice against the party seeking recusal is not a basis for per se or automatic disqualification.[16] Disqualification is only required where the alleged bias or prejudice of the judge stems from "an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[17]

The Delaware Supreme Court has established the following two-part test for determining whether a judge should recuse himself or herself where a party has alleged personal bias or prejudice under Rule 2.11(A)(1):

> First, the judge must, as a matter of subjective belief, be satisfied that she or he can proceed to hear the cause free of bias or prejudice concerning the party. Second, even if the judge believes that she or he has no bias, situations may arise where, actual bias aside, there is the appearance of bias

---

[14]  *Edelstein v. Goldstein*, 2011 WL 2791270, *3 (Del.Super.Jul.13, 2011).

[15]  Delaware Judges' Code of Judicial Conduct Rule 2.11 (a)(1)(2008.

[16]  *Los*, 595 A.2d at 384.

[17]  *Id.* (quoting *United States v. Grinnell Corp.* 384 U.S. 563, 583 (1966)) (internal quotation marks omitted).

6

sufficient to cast doubt as to the judge's impartiality.[18]

In the *Los* case, applying the above test, the Delaware Supreme Court found that a Family Court judge had acted properly in declining to recuse himself from a contentious divorce proceeding even though one of the parties had named him, as well as his ex-wife, her attorney, and the Attorney General of Delaware, as defendants in a lawsuit in the United States District Court for the District of Delaware. The Supreme Court held that the Family Court judge's refusal to recuse himself was supported "by his subjective belief that he could be impartial and there was no requirement that he disqualify himself where he was sued in his judicial capacity in an action instituted during the course of the proceedings before him ."[19]

### (A) Subjective Analysis

Under the first prong of the *Los* test, I can unequivocally state that I have no feelings of bias, prejudice or ill will against the Plaintiff personally, and that nothing the Plaintiff has done during the course of the litigation gives rise to any such feelings. I have never met the Plaintiff except during Court proceedings, and have no reason to harbor personal animosity towards her. The Plaintiff alleges, in conclusory fashion, that because there were technical difficulties with the initial hearing amplification devices used by the Court and because of statements I made during the March 14, 2019 proceeding I am biased against her on the basis of her disability. However, the Plaintiff provides no evidence of personal animus on my

---

[18] *Los*, 595 A.2d at 384-85.

[19] *Los*, at 385.

part. Since I am persuaded that I can hear this matter without any bias or prejudice against the Plaintiff, the first prong of the *Los* test is satisfied.

## (2) Objective Analysis

Under the second prong of the recusal inquiry under *Los,* I cannot find an objective appearance of bias that would require my recusal from the case. I have not taken any actions with respect to the Plaintiff in this litigation, nor made any other decisions in this matter, that could create an appearance of bias or cast doubt on my impartiality. As no reasonable observer could conclude that I am biased against Plaintiff, the second part of the *Los* analysis also does not require disqualification. The Delaware Supreme Court has held that "the mere fact that a Judge has made some pretrial rulings against a given defendant is not in itself sufficient to require his disqualification."[20] Furthermore, the Supreme Court recognized that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge."[21]

The Delaware Supreme Court addressed similar issues to those raised by the

---

[20] *Gattis v. State, 955 A.2d 1276, 1284 (Del.2008); see also Stiegler* v. State, 277 A.2d 662, 668 (Del.1971); accord *Weber v. State,* 547 A.2d 948, 952 (Del.1988) ("[T]he bias envisioned by [the Delaware Code of Judicial Conduct] is not created merely because the trial judge has learned facts or made adverse rulings during the course of a trial."); *Jackson v. State,* 684 A.2d 745, 753 (Del.1996) ("To require a judge to disqualify himself or herself from further participation in a case where the judge acts as a gatekeeper for the admissibility of evidence would impose an unreasonable and totally impracticable standard."). The Court notes that the motion for recusal in the Gattis case concerned this Judge.

[21] *Gattis*, 955 A.2d at 1284 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

present motion in *Gattis v. State,* in which a defendant convicted of first-degree murder and sentenced to death sought the recusal of this Judge based in part upon the Court's denial of motions for the extension of time and of the page limitations for a postconviction motion brief. The defendant in *Gattis* argued that he was harmed by the Judge's bias against his defense attorney.[22] The Delaware Supreme Court rejected the defendant's argument and affirmed the Judge's decision not to recuse themself, declaring:

> Judicial rulings alone, such as the denial of a motion to recuse or disqualify or of a request to increase the time limitation on the briefing schedule or the length of the briefs, are insufficient bases for a recusal. To an objective observer, these particular rulings would carry little weight.[23]

The same reasoning applies to the present motion for recusal. The Plaintiff's motion rests upon mere allegations of bias without any supporting evidence. To an objective observer, none of these grounds would give the impression of personal prejudice or bias on my part against her.

I will briefly address each of Plaintiff's allegations.

> 1. The Court failed to provide her with sufficient accommodation for her hearing disability at several court proceedings because the wireless head set the Court routinely used malfunctioned at points during the proceedings.

---

[22] *Id.* at 1285.

[23] *Gattis* at 1285.

The fact that the initial headset provided to Plaintiff malfunctioned on several occasions does not provide any evidence that I personally am biased against Plaintiff. Indeed on each occasion in which she was before me for oral argument when the headset malfunctioned the Court staff provided her with a new headset. After being given the replacement argument proceeded without further complaint by the Plaintiff. Had I been made aware that the Plaintiff could not proceed, I would have stopped the proceeding and recessed until an alternative headset could be provided. I can state that at no time did it appear to me that Plaintiff was unable to participate fully in the proceedings. She answered all questions from me and presented her argument coherently. I note that once Plaintiff formally requested the Computer Aided Real Time Reporting ("CART") Services the Court proceeded to arrange for those services to be available at the next scheduled proceeding which occurred on March 14, 2019.

> 2. That Court was already in session when she arrived a half hour early for the hearings on March 14, 2019.

Due to the number of motions in this case that were scheduled to be heard on March 14, 2019 I wanted to assure that there was sufficient time for Plaintiff to make her arguments. Being unfamiliar with CART services neither I nor our Court staff knew if the use of the CART would lengthen the proceedings. For this reason I moved the motions that had been scheduled for March 14th in separate cases unrelated to Plaintiff to 1:30 p.m. I also asked one of the other judicial officers to cover my 2:30 p.m. capias returns so that I would not have to take a recess at that time. We made all these changes to the schedule so that Plaintiff's case would have the Court's

full attention starting at the regular civil motion time at 2:00 p.m. I did not want to have to rush the parties through the five or six motions in this matter that were scheduled that afternoon. Plaintiff's complaint that when she arrived before the start time and that Court was already in session is meritless since the start time of the other unrelated motions only were moved up so Plaintiff's case could have my full attention as an accommodation due to the CART system and the large number of motions scheduled.

> 3. That I made statements during the March 14, 2019 hearing that "clearly" indicated bias on my part.

Plaintiff complains that statements I made at the March 14th hearing indicated bias I note that she is citing from an unofficial transcript of the proceeding. I also point out that she has taken the comments out of context. I have not reviewed the official transcript but I did review an unofficial transcript to refresh my recollection of the hearing. After doing so and reviewing Plaintiff's motion to recuse I recall that the portion of the proceeding Plaintiff cites to covered whether or not the defense would be required, under the ADA, to pay for the cost of the CART services at a deposition of the Plaintiff. Not being familiar with the intricacies of the ADA I merely noted that the parties would have to review the appropriate portion of the ADA to see if the defense would need to pay. I was also attempting to get the parties to come to a mutual agreement without the need for Court intervention. Additionally, there had been discussions earlier in the proceeding that afternoon concerning possible settlement negotiation and I encouraged that. Nothing in my comments was intended to disparage Plaintiff nor did I have any bias towards her due to her

disability. I treated her the same as I would have any other litigant before me.

> 4. That I denied her the opportunity to be heard on March 14, 2019.

Next Plaintiff claims that she was denied the opportunity to be heard in opposition to the Defendant's motion(s) on March 14, 2019. She cites to no example of that. My recollection of the proceedings is that she made numerous arguments and was never told she could not respond. It is my practice to allow each party to state their positions and reply to the opposition, giving the parties multiple back and forth opportunities to comment before making my final ruling. Without knowing what she is talking about specifically I am at a loss to respond other than to note my recollection and common practice.

From the standpoint of the objective observer, the Court's comments on the ADA or to encourage the parties to work together to resolve disputes would likely carry little significance. Furthermore, an objective observer could readily conclude that the Court's efforts to accommodate the Plaintiff's hearing disability was fair and impartial. As such, I conclude that there is no objective basis for a finding of improper bias in this litigation.

As the Supreme Court suggested in the *Los* case, there is a compelling policy reason for a judge not to disqualify herself at the behest of a party who claims an appearance of prejudice, without a factual or reasonable objective basis to do so. In the absence of genuine bias, a litigant should not be permitted to "shop" for a judge

of his or her choosing.[24]  If this defendant seriously believes that any judge would have handled her case differently or provided her with the accommodations that she has requested, she will be hard-pressed to find such an individual. Furthermore, if unfavorable rulings were a basis for recusal, as claimed here, then virtually every litigant in this Court could request a new judge every time they were displeased with a ruling. In short, the orderly administration of justice cannot be subject to a party's self-created, unsupported claims of prejudice or the appearance of bias.

## CONCLUSION

Applying the two-part *Los* analysis, I can find no reason for recusal in this case. I am absolutely convinced that I can continue to hear the proceedings in this case without bias or prejudice against the Plaintiff. Moreover, I am satisfied that there is no basis from which a reasonable observer could conclude that I am biased or prejudiced against the Plaintiff. For all of the foregoing reasons, the Plaintiff's Motion to Recuse is therefore **DENIED**.

**IT IS SO ORDERED** this 8th day of May 2019.

/s/ Andrea M. Freud
Commissioner

AMF/dsc
*Via File & ServeXpress and U.S. Mail*
oc:    Prothonotary

---

[24] *Los*, 595 A.2d at 385.

13